IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CR-219-BO-3

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **ORDER OF DETENTION PENDING** |
| | ) **TRIAL** |
| LIONEL RAY MCCALL, | ) |
| | ) |
| Defendant. | ) |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives, and defendant the testimony of the proposed third-party custodian, defendant's mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was indicted on 9 July 2010 for the following offenses: one count of conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base (*i.e.*, crack) and a quantity of cocaine beginning in or around 2009 and continuing until on or about 20 January 2010 in violation of 21 U.S.C. § 846 (count 1); and three counts of distribution of more than five grams of cocaine base, and aiding and abetting the same, on or about 17 November 2009, 1 December

2009, and 20 January 2010, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (counts 4, 5, 11, respectively). The evidence presented at the hearing showed that the charges arise from three controlled purchases of crack from defendant by a confidential informant on the alleged offense dates. The quantities of crack involved in the sales were 10.3 grams, 10.4 grams, and 21.9 grams, respectively. After his arrest, defendant admitted to his involvement in the sales.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug-related nature of the offenses charged; the circumstances of the offenses charged, including the significant quantity of drugs involved and defendant's conduct of the alleged sales while on state probation; defendant's felony convictions for involuntary manslaughter, indecent liberties with a child, and maintaining a place for controlled substances, and his misdemeanor conviction for assault; the other portions of defendant's criminal record, including two formal probation violations (one as recently as June 2010), the accrual of nine pending charges while on state probation (five in 2010 and one as recently as 29 May 2010), and defendant's failure to keep current his registration as a sex offender; the unsuitability of the proposed third-party custodial arrangement due to the presence of a minor in the proposed custodial home, the absence of the third-party custodian from the home for full-time employment, the location of the proposed custodial home in the same community in which the charged drug dealing by defendant occurred, and the high

degree of flight risk and risk of danger presented by defendant; and, as indicated, the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. For example, although defendant apparently has only one documented failure to appear, defendant presents a risk of flight not reasonably addressed through any conditions because of the substantial prison term he faces if convicted, his manifest disregard of the law in general and probation requirements in particular, and the presumption regarding flight risk.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 20th day of July 2010.

James E. Gates
United States Magistrate Judge